Cases well argued, we'll take it under advisory. We'll call our next case, Certain Underwriters at Interest v. UPS. Good morning, may I please the panel. My name is Bob Cosgrove and I represent Certain Underwriters at Interest at Lloyd's of London. I would ask for four minutes for rebuttal with the panel permission. Granted. I submit to the panel that the ultimate issue before today is whether or not a common carrier can benefit from a conversion of goods when those goods are within its possession. And that quite frankly I would suggest to you that the question is, was your complaint properly pled given the Carmack Amendment? Well, I suppose the answer to that question turns on exactly how the Carmack Amendment applies in a case like this. And by that, what I mean is as follows. If you look at the case law from around the country, there's no dispositive binding precedent from any circuit that expressly deals with a situation like the one at Barr, when you have 27 shipments disappearing. Well, you do have a dispositive, I would, dispositive may be the wrong word, but you have a pretty emphatic statement from the United States Supreme Court that goes back a century in Adams Express case that Judge Bailson quoted. And the language is, almost every detail of the subject is, meaning this interstate carrier liability, is covered so completely that there can be no rational doubt that the Congress intended to take possession of the subject and supersede all state regulation with reference to it, unquote. I'm struggling to see how they could have said that more broadly or more emphatically. Well, I think the key phrasing in there is the use of the phrasing, almost every conceivable claim. And if you look at the way the case law around the country has emerged, there are very few cases that have addressed a situation like the one at Barr where the fundamental claim is one of conversion. And, in fact, the few courts But I get back to the issue. What have you pled in your complaint? What are the causes of action? The first cause of action, Judge's conversion. All right. Is that a state law claim? I think it's a state law or a federal law claim. Okay. We did not plead it as a legal theory in the context of the complaint because I do not believe that's required. But you've pled as a state law claim, haven't you? We've pled, I think, as both a state law and a federal law claim. All right. Whoa, whoa, whoa. Where do you invoke federal law at all in this complaint? It's not specified, Judge. Well, and when you say it's not specified, I mean, if you're invoking federal law, then you've got to invoke federal jurisdiction. This is diversity. What's it proposed? Is it diversity? It's a diversity. It's a diversity question. Yes, Judge, it was. All right. So I'm puzzled how, what hook do you think you've got to suggest that you made a Carmack amendment kind of a claim in here? Or you say, are you conceding you didn't make a Carmack amendment? No, I'm not conceding that at all. I mean, I think the issue here is whether the facts alleged in the complaint give rise to a plausible claim that can go forward. I think that's the issue before the court, and I don't think the requirement is... It's a theory of your case. It's all state law. And that's what the Supreme Court has said, no. You need to start by pleading Carmack and say, I know it's covered by Carmack, but the limitation of liability provision, aha, that's a different issue from the framing of your complaint, is it not? I don't believe in this case it is, Judge. I believe in this case that you have, the way the complaint is pleaded, the complaint clearly sets forth a claim that puts UPS on notice of a claim of conversion. I think the question... A claim of what? A claim of what? You said it clearly sets forth a claim. A claim of what? A claim of true conversion under state law, right? I believe it's under state or federal law. I don't want to keep going in a circle with you, but I mean, we have to deal with what you guys pleaded. I agree with that, Judge. So you don't get to just say, he punched me, and what does that mean? You got a legal theory, do you have a statute, do you have common law, are you relying on federal law, a federal statute, what do you... That's the way it works. You got to say what you're relying on, and what you said you were relying on was diversity jurisdiction. That is, we have state law claims, not federal law claims, state law claims that we're bringing into court. So what is there, if anything, in your complaint that invokes federal jurisdiction and implies, even implies, that you're stating a cause of action under the Carmack Amendment or any other federal law? There is nothing specific in the pleadings, Judge. Well then, if that's the case, how can you suggest to us you got a federal cause of action? Aren't we looking at the single question, can your state law claim survive preemption under the Carmack Amendment? Let me focus in on that issue, Judge. I think in this case, and I think the facts before the court are such that, and the case lump around the country suggests, that a state law conversion claim can exist simultaneously even within the Carmack regime. Because if the claim doesn't exist, it's a question of the limitation of liability and whether that will be enforced. Isn't that the way it should be framed? I think, Judge, that's the question before the panel. I think if you look at the circuit courts and the other courts that have addressed the issue from around the country, no court has been specifically clear as to whether or not the conversion claim is an exception to Carmack that effectively moves. Well, hold on now. I'm not so sure. I think what you have is a Supreme Court saying it's completely preempted. Now, there are some courts that recognize, and I assume this is what you're talking about, not an exception to preemption necessarily, but an exception to the limits of liability within the Carmack Act. I think that is a claim that can exist. I think some of the courts, and again, the problem here is the case law is not, from my perspective anyway, particularly clear in respect of whether the conversion claim is one that moves to liability limitation, sublimitation that Carmack allows to exist. That's one issue. Or whether or not there's a separate, independent, willful, or intentional tort of conversion that can exist simultaneously even within the Carmack regime. What case law do you have to support the latter proposition? Well, I think, Judge, if you look at the cases that we cited, if you look at the Rocky Mountain case, look at the Ninth Circuit decision, if you look at those cases, and there are many courts that have said, effectively, that intentional or willful misconduct can allow a conversion claim to go forward. Now, the courts, because they're not dealing with the issue before them, never specifically say, and that means the court or the cause of action is a state law conversion claim, or the cause of action is a federal cause of action claim, or the cause of action is an exception to the liability limitation contained within Carmack kind of claim. None of the case law out there suggests that. None of the case law is specifically clear, at least I don't think it is, in respect of exactly what the cause of action is in that regard. Well, wouldn't it be better off, in response to Judge Bailson's opinion, to go back and amend your complaint and throw Carmack in there, but contend that although your claim is brought under Carmack, you are seeking to avoid the limitation of liability under Carmack? That's really, the point really is that your complaint, as stated, probably runs afoul of the preemptive effect of Carmack. Judge, I believe that obviously, in this case, our position is that there is the potential for a state law claim. That's why it was treated as a diversity action, in part. There is a state law claim that can exist simultaneously with Carmack. And if you look at the way, and granted, the problem on this case is, or the problem with Carmack, is that there was virtually no legislative discussion of the intent of Carmack when it was created. And if you look at the statute itself, there's no mention whatsoever of anything involving a conversion or a theft by a common carrier. Rather, the phrasing used is loss or damage. That's what Carmack is designed to address. And I submit to the panel that situations like the one at Bar where we're talking about conversion are fundamentally distinct from the typical negligence of grandma's antique mirror got damaged in the context of the ship. And everybody seems to agree with that, Mr. Cosgrove. So I understand that there's uniformity, that true conversion will not result in the application of the limitation of liability. The question, and this is the troubling question, I think, from your perspective, and a bit of a challenge for us is, since you chose not to plead a Carmack amendment claim, and yes, we're here under the Carmack amendment, but we are relieved of the strictures of the limitation of liability, but instead chose to say, we have a state law claim that survives preemption, we're in a point where we've got to ask, what's the full preemptive scope? So what's your best assertion that this doesn't preempt that? Recognizing that the issue you're saying, oh, true conversion is in fact and has been dealt with by many courts by saying, you're not under the limitation of liability. So that leaves that problem. What's your best pitch for why state law should survive? And your best case for that proposition. Sure. I'll take one at a time, if I may. I think in respect of the best argument that we have, I think it's fairly straightforward, which is that if you look at the cases or the courts that have dealt with Carmack's case, almost any possible issue was intended to be covered by Carmack, but none of those cases specifically address the issue of a conversion claim and how that conversion claim exists simultaneously with Carmack or outside of Carmack. So I think that's the first practical argument in respect of Your Honor's question. In respect of the case law that's out there, I can't cite to a single case that says directly that Carmack exists or conversion claim exists simultaneously as a state law claim with a Carmack claim. I think there's dicta in the Kemper case in the First Circuit. I think if you look at the Devonshire case and the other cases that are out there, there's dicta that suggests a separate independent claim can exist, but I don't think there's any clear precedent that sets forth in any of the circuits whether the claim is a state law-driven claim or a non-state law-driven claim. Isn't there a logical problem with saying the state law claim survives? Because the whole point, and this comes up repeatedly in all the cases, is that Congress wanted to have a uniform system, no variability, no state law issues throwing this or that unique spin on it. So if we say it's preempted except for when there's a conversion claim, don't we invite variability as different jurisdictions define conversion in different ways? A problem which is not confronted if we say it's fully preempted but the problem of true liabilities, limitations on liability within a Carmack claim. Well, I think in the context of the Carmack claim, there are other ways that the liability limitations themselves cannot be enforceable. I mean, if you look at the case law in respect of that, there are factors regarding reasonableness, regarding liability limitations. There are a whole bunch of different factors. Exactly. And no court has specifically said that conversion is the fifth exception that exists in respect of the moving of the liability limitation. But isn't the whole point was that this is interstate commerce and we can't have little state law claims coming up. So Carmack preempts the field. Isn't that the whole rationale? If I may, your time is up. Yes. I think the answer to that question is whether or not the conversion claims were meant to be preempted by Carmack. And I think if you look at the limited legislative history that exists and if you look at the limited case law that's out there, none of the courts that have addressed the issue have ever said specifically that conversion claims are preempted by Carmack. They've talked about negligence and loss claims. Could that be so clear because the Supreme Court has said it occupies the field. The field, why would the field not include every type of state claim? Well, again, Judge, I think it goes back to the use of the phrasing almost every kind of claim. And I don't think that's what we have here. All right. We'll hear from you on rebuttal. May it please the Court. My name is Jerry Disiderato. I'm a law firm of Dilworth Paxson and I represent the Eppley United Postal Service, Inc., in this matter. The appellants in this case confuse, as this Court has illustrated in their initial questioning, the preemption afforded by Carmack with the role of the true conversion exception as it pertains to limits of liability. Carmack doesn't preempt all state law claims, does it? No, it does not. It preempts all state law claims that relate to the loss or damage to goods in shipment that are subject of the shipment. There are cases that exist, Your Honor, in the circuits and the district court levels as well that have been cited in the briefing that deal with conversion claims or other claims such as intentional infliction of emotional distress that were allowed to proceed despite the Carmack amendment because those claims did not relate to the shipment of goods. For example, the Mayflower case, which is a case upon which the Fifth Circuit and Tran relied, dealt with damage to jewelry, but the jewelry was never shipped and therefore the Court found that Carmack didn't apply. And there are attorneys' fees cases, right? Correct. Okay. So what's wrong with the theory being propounded by the plaintiffs here that just like you can have state law claims that survive the intended preemptive effect of Carmack for these other things, this true conversion claim can survive because nobody, Congress never intended to make it okay for people, for shippers to steal the goods that they're given. That was never going to be the plan, and there's no reason to displace state law on that issue. We've got a whole body of law about conversion. That's still good law, and that's there for something that Carmack could not possibly have intended to reach. That's what I understand their pitch to be. I didn't do it as eloquently, I'm sure, as Mr. Kostova, but what's wrong with that thinking? Because you'd be dealing with different state law conversion claims throughout the country. Carmack, as aptly noted by counsel for underwriters, was enacted without any legislative history, and therefore, by virtue of Adams Express going forward, the last 100 years have basically set forth the scope of Carmack, what it does, how it applies. And it set forth a uniform scheme for regulation related to common carriers and interstate commerce. And with respect to conversion or other intentional torts, as is argued in Appellant's brief, there are many cases throughout the country that have preempted, by virtue of the Carmack Amendment, intentional torts. UPS is not taking the position here that it should be able to hide behind its limited liability protections in the event a true conversion is proved. Not at all. We agree that that is the public policy and should be the public policy. However, a shipper doesn't get there by virtue of filing state law claims. The state law claims in and of themselves, on a global scale, whether they be breach of contract claims, tort claims by way of negligence or intentional torts, are preempted by virtue of case law from both the United States Supreme Court and the various circuits, the 10 other circuits in this country. So your friend's only shot is bringing a Carmack Act claim, right? That is UPS's position, correct. And had a Carmack claim been alleged, then maybe there would have been a motion to dismiss if other state law claims existed. But UPS would have been forced to answer. The doors to discovery would have been opened. And at that point in time, the plaintiff, the shipper, or the shippers, could have sought to prove the true conversion exception because once a prima facie case for Carmack is pled or proven, it's then on, the burden is then on the carrier to demonstrate that the liability limitations apply in the properly published tariff that Carmack. That's where the case should go, right? Should go back for that to happen, correct? No, because Carmack was not pled. Nor does the appellant. Well, they could replete. The issue before the court is not whether Carmack was pled. In fact, all of the briefing and the record is to the contrary. For one reason or another, the appellants in this instance have pursued their state law claims completely disregarding the Carmack claim. They had an opportunity on the motion, the initial motion to dismiss that was filed, which on behalf of my client, which set forth the deficiencies, the judge's interim order. It was not, the pleading was not cured. And then on appeal, not one of the issues presented before this court is to determine whether or not Carmack was actually pled in the complaint or could be read into the complaint. What do we make of the Fifth Circuit's comment in the Transportation Enterprises case? That's a 2010 case, right? Or Tran Enterprises? Tran. Tran Enterprises, where it says, we acknowledge that in some circumstances where a carrier has intentionally converted for its own purposes the property of the shipper, traditional true conversion claims should be allowed to proceed. And I believe it goes on to say, I'm sorry. Well, I mean, that sounds like when it's saying a traditional true conversion claim, it sounds like it's saying if you've got a state law claim, a traditional state law claim for conversion, that should be allowed to proceed. The sharing court does say that and it goes on to say in that limitations of liability should not be enforceable. We believe that's a poor choice of wording for a couple of reasons. One, the holding in that case we believe was appropriate. It dealt with COD checks not being delivered. And the court held that those, the non-delivery of those checks were under Carmack and therefore governed by Carmack. But the court in making that statement that your Honor just read relied upon and cited three cases. It cited Glickfield out of the Ninth Circuit, which was briefed by both parties in this matter. And it cited Mayflower, which I previously discussed. And it also cited Nippon Fire v. Holmes. Mayflower, as previously discussed, does not stand for the proposition that a traditional conversion claim could proceed. Glickfield out of the Ninth Circuit deals with or stands for the proposition that only if the carrier converts the goods for its own use or benefit can the limitations of liability be. And that's a strong case for you on that, even if their employees ripped it, it's okay. But that's not what we're talking about right now. We're talking about right now, I'm focusing on the preemption piece. And Tran Enterprises seems to be saying, you know, we think a state law claim for true conversion could survive. And you're just saying bad word choice? Because the law that, the cases that the court relies upon in making that statement do not support that statement. It's as simple as that. So unless there's another case upon which the Fifth Circuit was relying in making that statement that a traditional conversion claim could in fact proceed despite CARMAC, it wasn't cited in the decision because the cases that are cited do not support that position, do not support that statement, Your Honor. How about the pleading issue? Does a claim for fraudulent conversion need to be pled with particularity, as the district court, I guess, found? We do not, excuse me, we do not believe that this court has to get to and determine whether the fraudulent conversion claim was, satisfied the Federal Rules of Civil Procedure. The only way that this court would deal with that issue, to determine whether it should be remanded, would be if, one, the court decided that a traditional conversion claim in the nature of the fraudulent conversion would be allowed to proceed despite CARMAC, which UPS's position is not the case, or two, that despite appellant's arguments to the contrary, CARMAC could be read into the complaint. We don't believe there's any reason for this court to have to decide whether the Federal Rules of Civil Procedure would satisfy. Well, let's assume we do. What about, would they have to plead with particularity? We do not believe that the appellants would have to necessarily plead with particularity, and here's why. Because the CARMAC amendment requires three elements for a prima facie case to be provided, to be set forth. One is delivery of goods to a carrier in good condition. During the course of the transportation of the goods, they're either damaged or lost, and damaged as a result. In that instance, as I discussed previously, the carrier would then defend by saying the limitations of liability kick in. Now, interestingly, when you talk about the level of specificity, it's not necessarily a fraudulent analysis, you know, how do you plead fraud by virtue of specificity, but more akin to Kemper, the First Circuit case, that dealt with, specifically, a motion for a leave to amend the complaint to add CARMAC claims. And what the Kemper court held in the First Circuit, which, by the way, the Supreme Court denied cert on that matter, the Kemper court held that or found that because the plaintiff, in that instance, in attaching a copy of their amended complaint, did not specifically state that the carrier converted the goods for its own use of benefit, it found that the amendment would be futile and denied that. So in light of Kemper, our position would be, not necessarily that the Rule 9b standard has to be satisfied, but rather that under CARMAC, which has its own prima facie elements, when dealing with a true conversion claim, the appellants would have to allege that UPS specifically converted the goods for its own use and benefit. So are you giving away the 9b issue? Are you saying that the district court was wrong at one point in suggesting that this kind of a claim has to be fled with particularity under 9b? I do believe that, and it may be noted that this wasn't addressed in our brief, we don't believe that that determination was dispositive, and if it was an error, it was a harmless error. Because at the end of the day, you don't get to a determination as to whether or not the true or traditional state law conversion claim was fled with particularity. It's not needed. Sure. I understand your position that you think we don't need to get there. I guess what I'm pressing you on is, if we get there, is it your client's position that the claim has to be fled with particularity under 9b, or do you think that the district court got that wrong? That's a significant issue if we get there. If this court is going to allow a traditional state law conversion claim to go forward and it's pled in the context of fraudulent conversion, my client's reaction to that would be a motion to dismiss under 9b for failure to display the specificity if that's the case. And also, based on the complaint as currently pled, the amended complaint as currently pled, there's no allegation specifically that UPS converted the goods for its own use or benefit. Now, whether those issues are mutually exclusive or not, I'll leave that to the court, but those are two issues that would need to be resolved before any such claim could proceed under the federal rules in UPS's humble opinion. Thank you. If this court has no further questions, I'd rest on the briefs. Thank you. Thank you. Thank you. Mr. Palsgrove, rebuttal? Yes, Judge, if I may. I think there's one issue that I'd like to address just up front with the panel's permission, which is whether or not the complaint as currently constituted talks about conversion by UPS of the goods for its own use. And I submit that the current amended complaint, which the trial court dismissed, does in fact make exactly such an allegation. And, in fact, it says, for example, on the record at page 308, underwriters allege that UPS or its employees, agents, technicians, vendors, subcontractors, drivers, and or servants, A, deprived First State of its right of property, specifically package number one, without First State's consent or lawful jurisdiction, justification. But that's employees, agents, technicians. Well, I'll get to the second part, Judge, if I may. Okay. Which says, unlawfully took, carried away, concealed, stole, or obtained by fraud or deception package number one, and converted package number one to its own use. It's in that context refers to either UPS or its employees, agents, technicians, vendors, subcontractors. That's a pretty conclusory, isn't it? I mean, it's hard to be more bare bones than that. Well, obviously in this case, and the problem you have with any fraud case, is that all you can allege, and assuming the 9B requirement is what's required here, I submit that underwriters have pleaded a sufficiently detailed fraud claim to specify the time, place, the manner of the occurrence, the kinds of things this Court has said in the past isn't necessarily always required, but is quite helpful in allowing the parties to be on fair notice of the claim. Here, on 27 different occasions, with an additional four that weren't pleaded, that were discovered after the pleadings were already closed in this case, there were 27 allegations in a two-month period of a number of packages going from being delivered at point, or picked up at point A, and disappearing in respect of other locations where it was being delivered to. Sure, and one could infer from that negligent behavior on the part of UPS, perhaps. One could look at that and say, if you were doing your job, after the second or third package goes missing, you'd be doing something to stop it. But why isn't that just an inference of negligence, and not a particular allegation of fraudulent conversion that shows UPS was in on it? Go get them. Get those bars. Get the silver bars. Well, I think there are two issues in that regard. First off is whether or not the requirement is that the carrier convert the goods to its own use, or to its own benefit, and what exactly that means. That's one issue. Well, it's got to mean more than responding out superior, right? Well, Judge, I agree with that. I mean, I think the issue here is, in respect of these particular claims, when you have it happen not once, not twice, not three times, and Your Honor was a prosecutor, so you understand, you know, there's an old saying about a three-time widower. The first time it was a tragedy, the second time it was a coincidence, and the third time it was a homicide. Here we have it happening 27 times in the context of an eight-week period. I think that's pretty strong circumstantial evidence. That's strong circumstantial evidence. If the same person is responsible for handling those packages within UPS, then you might say thief, but that's not what you're pleading. You're not pleading that a UPS employee is a thief. You're pleading that UPS, for its own use and benefit, was doing the stealing, and Glickfield is pretty clear on the fact that it isn't enough for you even to say that their agents and their employees were bad. You've got to show they were bad actors. What have you pleaded to show UPS was a bad actor here, trying to fraudulently convert these goods to its use and benefit? The problem, Judge, if that's the requirement, that in the pleading stage you have to show that someone at the common carrier, whether it's the corporate officer or whatever it might mean, to take the goods and use it for its own benefit, melt the silver bars down and create a new addition to the building. What does it mean to convert goods, in this case silver bars or coins, to their own use? What does that mean? That's a question. The second question here is what kind of proof could you possibly have at the pleading stage? Don't forget, this is a 12B6 motion we're talking about, not a motion for summary judgment, not a motion after a trial, not a motion where we've had all this discovery and I couldn't make out my prima facie case. If that was the issue, we'd be having a different discussion. Here we're talking about a pleading, and what's necessary for a pleading to put UPS on fair notice of the claim. I think an additional element of that the court should take into consideration is if you look at the way the courts have talked about pleadings, even after Twombly, you've talked about the idea that the issue is the complaint puts parties on notice of what the claim is, and I think underwriters in this case have done that. I think the issue of what law applies to how those claims should be interpreted is not one that's appropriate for this motion at this time. It's one that this court has to consider.